

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RENAUTA HUDSON    )
         )
   *Plaintiff,*   )
  -*vs*-     )  No. 09 CV 1454
         )
CITY OF CHICAGO, et al.,  )  *(Judge Shadur)*
         )
   *Defendants.*  )

### FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held

pursuant to Fed. R. Civ. P. ("Rule") 16 , and:

> Kenneth N. Flaxman
> 200 South Michigan Avenue
> Suite 1240
> Chicago, Illinois 60604
> (312) 427-3200

> having appeared as counsel for Plaintiff, Renauta Hudson, and:

> Caroline Fronczak, ACC
> 30 N LaSalle Street
> Suite 900
> Chicago, IL 60602
> (312) 744-5126

> Jonathan Clark Green
> 30 N. LaSalle Street
> Suite 900
> Chicago, Il 60602
> (312) 744-0226

having appeared as counsel for the Defendants City of Chicago and police officers Jamie Toczek and John Salemme.

1)      This is civil rights action arising under 42 U.S.C. §1983. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §1343(a). Jurisdiction is not disputed.

2)      The following stipulations and statements were submitted and are attached and made a part of this Order:

      a)      Statement of Uncontested Facts

      b)      Agreed Description of the Case

      c)      Exhibits

            (1)      Schedule of Exhibits with Objections

            (2)      Demonstrative Evidence

      d)      List of Potential Witnesses with Objections

      e)      List of Depositions to be Read into Evidence

      f)      Itemized Statement of Special Damages

      g)      Intended Motions in Limine

      h)      Waivers of any Claims or defenses

3)      Trial in this case is expected to take 4 days.

4)      This is a jury trial. The parties agree that eight jurors should be selected at the commencement of the trial.

5)      The parties disagree about bifurcation: plaintiff proposes that damages and liability be bifurcated, defendants disagree.

6)	The parties do not agree to this case being reassigned to the Magistrate Judge for trial.

7)	This order will control the course of this trial and may not be amended except by consent of the parties and the Court, or by order of Court to prevent manifest injustice.

8)	Possibility of settlement of this case was ~~not~~ considered by the parties.

Feb 24, 2011

Milton I. Shadur
*United States District Judge*

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200
*attorney for plaintiff*

/s/ Caroline Fronczak (with consent)
Caroline Fronczak
ARDC 6284817
30 N. LaSalle Street, Suite 900
Chicago, Il 60602
(312) 744-5126
*an attorney for defendants*

## ATTACHMENT (a)
## STATEMENT OF UNCONTESTED FACTS

1.     Renauta Hudson is the plaintiff in this action. Ms. Hudson seeks money damages from the defendants, Chicago Police Officers Jamie Toczek and John Salemme.

2.     This case is about an incident that occurred on April 3, 2007 in the City of Chicago.

3.     On that date, while working as Chicago police officers, defendants Toczek and Salemme were trying to find plaintiff's brother, who was a suspect in a homicide investigation.

4.     Defendants Toczek and Salemme met Ms. Hudson at her place of employment, a Walgreens in downtown Chicago, and transported her to a police station.

5.     Defendants deny that they engaged in any wrongful conduct and further deny that Plaintiff is entitled to any money damages.

## ATTACHMENT (b)
## AGREED DESCRIPTION OF THE CASE

On April 3, 2007, Chicago police officers Jamie Toczek and John Salemme were trying to locate Renauta Hudson's brother, who was a suspect in a homicide investigation. The officers met Ms. Hudson at the job, a Walgreen's in downtown Chicago. The officers then transported Ms. Hudson to a police station.

Renauta Hudson will testify that the officers searched her in an embarrassing manner and held her at the police station for about eight hours.

Each officer will deny that he (or she) conducted an improper search and will testify that Ms. Hudson stayed voluntarily at the police station. Defendants deny that they engaged in any wrongful conduct and further deny that Plaintiff is entitled to any money damages.

## ATTACHMENT ( c)
## EXHIBITS

(1)    The following exhibits were offered by defendant, marked for identification, and objected to on the grounds stated:

   a. Plaintiff's Employment Records from Walgreens  FCRL000011-000021

Objection: relevance, hearsay.

   b. South Suburban Major Crimes Task Force Reports – bates stamped FCRL00001-0000011

Objections: relevance, hearsay, unfairly prejudicial

   c. Consent to Search signed by Plaintiff April 3, 2007.  FCRL00006

No objection

   d. Sworn Statement of Plaintiff dated May 21, 2007 H1041-H1044

(marked for possible impeachment use only) No objection.

   e. Telephone Records of Renauta Hudson dated 4/19/07 H1063-1067

(marked for possible impeachment use only) No objection

   f. Log kept by W&W Properties, LLC indicating all contact with Plaintiff and management office.

Objection: relevance, hearsay.

   g. May 16, 2007 letter by W&W Properties, LLC indicated date of security deposit pick-up.

Objection: relevance, hearsay.

## ATTACHMENT (d)
## LIST OF POTENTIAL WITNESSES

Plaintiff will testify in her own behalf and will call her mother and each of the defendants.

Defendants will each testify in their own behalf and may call:

> Chicago Police Detective William Schober, star 20542
> Chicago Police Officer Brian Melson, Star 11579
> Chicago Police Officer Brian Ortiz, Star 10016
> Chicago Police Officer Alfredo Vivas, Star 21021
> Dolton Police Detective Dave McPherson, Star 677
> Dolton Police Detective Steve Curry, Star 604
> Chicago Police Sergeant Alfonso Bautista, Star 1941

Plaintiff objects to each of these police officers, insofar as the officer is called to testify about the investigation into the murder of Michael D. Hall (relevance, unfairly prejudicial) and the search of Plaintiff's apartment (relevance).

Donald Adams, Jr.

Madeline Rodriguez

Wayne Waller

Renauta Hudson

Celeste Hudson

## ATTACHMENT (f)
## LIST OF DEPOSITIONS TO BE READ INTO EVIDENCE

None, unless a witness becomes unavailable for trial.  The parties reserve the right to use the deposition or former testimony of any witness for the purposes of impeachment.

## ATTACHMENT (g)
## ITEMIZED STATEMENT OF SPECIAL DAMAGES

Plaintiff does not have special damages, and seeks compensation from the jury for the generalized emotional distress of the incident, including her inability to return to work.

**Defendant's Objection:**

Defendants will seek to bar Plaintiff from including her inability to return to work as a specific monetary impact of her emotional distress. Plaintiff is only seeking to include this allegation in order to "back door" a lost wage claim under the guise of an emotional distress claim based upon pure speculation. Defendants will file a motion in limine to bar this aspect in her claim for emotional damages.

## ATTACHMENT (j)
## INTENDED MOTIONS IN LIMINE

Pursuant to the Court's directions, the parties anticipate filing Motions in Limine regarding the following matters:

### I. Plaintiff's Motions in Limine

1.  Defendants may seek to bolster their character with testimony of commendations, medals, or awards. Such evidence would be more prejudicial than probative and should be excluded.

2.  Defense counsel in cases against police officers frequently seek to advance one or more of the following improper and prejudicial themes:

    a) Any award of damages would be a burden to the public.;

    b) Any award of damages would be a burden on the individual officers (even though each will be indemnified by the City of Chicago).

    c) Plaintiff has asked for more money than she expects to be awarded.

    d) Defense counsel is personally shocked by the magnitude of the damage request.

    e) Plaintiff views this case as a chance to win the lottery.

    f) Being a police officer is a thankless or unappreciated job.

    g) Police officers place themselves in danger for the public good.

    h) "When everyone else is running from danger, these police officers run into danger."

    i) Apprehending a murder suspect trumps minor inconvenience.

10

j) Police officers have to make split second decisions and should not be second guessed by the jury.

k) A verdict against the officers will deter these officers and other officers from protecting society.

Each of these arguments is improper and should be barred.

## II.  Defendant's Motions in Limine

1.     Bar testimony or argument or suggestion that police officers in general lie cover-up or conspire with for each other.

2.     Bar any suggestion, evidence of argument that the Defendants' actions were racially motivated.

3.     Bar testimony or argument regarding existence of police "code of silence."

4.     Bar testimony or reference to violation of general orders.

5.     Bar evidence including, but not limited to civilian complaints, lawsuits, employee or other disciplinary proceedings pending or past claims against Defendants.

6.     Bar argument that the jury should send defendants a message with its verdict, or that the jury should punish defendants with its verdict.

11

7. Plaintiff should not mention any testimony or evidence suggesting that defendants may be indemnified by the City of Chicago ("City") for any compensatory damages returned against him.

8. Any testimony, evidence, argument or comments regarding any other events, publicized or not, concerning allegations of police misconduct, by Chicago or other police departments.

9. Plaintiff should not be permitted to refer to or call any undisclosed witnesses or exhibits or present any undisclosed opinions of any kind which were not previously disclosed in plaintiff's Rule 26(a)(1) disclosures.

10. Any implication or testimony that Chicago Police Department personnel are being paid by the City to appear in court and testify.

11. Defendants also move this Honorable Court for an order barring from the courtroom during the introduction of evidence and testimony all those persons Plaintiff intends, expects, or considers calling as witnesses.

12. Bar Tyneka Jackson, Vanessa Tilman, and Jessie Crump, or "janitors employed at 3259 W. Wrightwood" from testifying based on plaintiff's failure to disclose the current addresses or whereabouts of these witnesses during discovery.

12

13.     Bar Plaintiff from arguing that the search or searches that occurred at 3259 W. Wrightwood, Apt 1E on April 3, 2007 and April 4, 2007 was improper.

14.     Bar Plaintiff from arguing that the Defendants conspired with other officers to conduct an unlawful search at the Plaintiff's residence at 3259 W. Wrightwood, Apt. 1E while she was at the police station with defendants Toczek and Salemme.

15.     Bar Plaintiff from mentioning that she was unable to return to work as a result of the emotional distress.

## ATTACHMENT (k)
## WAIVERS OF ANY CLAIMS OR DEFENSES

Plaintiff withdraws her claims relating to any alleged unlawful search of the premises located at 3259 W. Wrightwood, Apt 1E, Chicago, Illinois.

Plaintiff will not seek punitive damage award against any defendant.