IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENAUTA HUDSON,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    No. 09 C 1454
                               )
CITY OF CHICAGO, et al.,       )
                               )
          Defendants.          )

## MEMORANDUM OPINION AND ORDER

Each side has listed its motions in limine in the parties' jointly-submitted final pretrial order ("FPTO") that this Court has entered on February 24, 2011.[1] With responses to the motions now in hand, this opinion will reflect this Court's rulings.

### Motions of Plaintiff Renauta Hudson ("Hudson")

Defendants City of Chicago ("City") and two of its police officers have interposed no objections to Hudson's Motions 1, 2(a) through (h), 2(j) and 2(k). That leaves for discussion only Motion 2(i), in which Hudson's counsel lists "[a]pprehending a murder suspect trumps minor inconvenience" among what are said to be "improper and prejudicial themes" frequently sought to be advanced by defendants in cases brought against police officers.

On that score defendants' response acknowledges that during

---

[1] Because the motions were not presented (as is most often done) after issuance of the FPTO, they were not given separate docket numbers. This opinion will therefore identify the motions only by the parties' numbering in the FPTO and, where the motions are not resisted, will not refer to their content either (leaving that description to the FPTO listing).

the February 24 pretrial conference "it was agreed amongst the parties that the exact nature of the offense for which Plaintiff's brother was sought would not be revealed to the jury." But defendants' response then goes on to argue persuasively that although there would be no need to refer to Hudson's brother being wanted for "murder," it would be important in the context of the case that the jury hear that he was sought for a "serious" or "felony" offense.

Motion 2(i) is therefore granted as modified by defendants' just-described response. At or before the voir dire conference that precedes the trial Hudson's counsel can advise which of the alternatives-- "serious" or "felony"--should be used in referring to the charge against Hudson's brother.

## Defendants' Motions

Here too most of the listed motions in limine--in this instance Motions 2, 4, 5, 7, 8 and 9--have not been objected to, nor will Hudson call as witnesses in her case in chief, she says, any of the persons referred to in Motion 12 (though that would not preclude such a person's being called as a rebuttal witness if his or her testimony becomes necessary in response to defendants' case in chief). In addition, Motion 11 (relating to the exclusion of witnesses) is not objected to, but Hudson's counsel properly asks that such exclusion should be applied mutually, and this Court so orders.

That leaves for discussion Motions 1, 3, 6, 10, 13, 14 and 15. They will be discussed here seriatim, with the nature of each motion being set out before this opinion goes on to reflect this Court's ruling.

Motion 1 seeks to "[b]ar testimony or argument or suggestion that police officers in general lie, cover-up or conspire with for [sic] each other." Unsurprisingly in light of the many cases in which City's police officers are charged with violations of constitutional rights cognizable under 42 U.S.C. §1983, this Court and its colleagues are regularly called upon to address motions of that nature. In this instance Hudson's counsel has properly called attention to this Court's May 10, 2006 memorandum opinion in Galvan v. Norberg, 04 C 4003, 2004 WL 1343680, where at *3 this Court said "evidence or argument of this type can go to the issue of the bias or motivation of witnesses." As it did in Galvan, id. this Court denies the motion "without prejudice to the reassertion of any objections on this score in the context of specific evidence when proffered at trial."

Motion 3 seeks to "[b]ar any suggestion, evidence of [sic] argument regarding existence of police 'code of silence.'" That identical "code of silence" contention was made in Galvan as part of the motion referred to in the preceding paragraph, and the without-prejudice denial quoted in that paragraph is ordered here just as it was in Galvan.

3

Motion 6 asks this Court to "[b]ar argument that the jury should send defendants a message with its verdict, or that the jury should punish defendants with its verdict." In partial response Hudson's counsel assures that the latter request is not a problem, and this Court so orders. But as to the notion of "sending a message," this Court shares the views of its colleague Honorable Blanche Manning (<u>Christmas v. City of Chicago</u>, 691 F.Supp.2d 811, 820 (N.D. Ill. 2010)) and of Magistrate Judge Sidney Schenkier (<u>Gadison v. McGuire</u>, 09 C 1, 2010 WL 346143, at *1-*2 (N.D. Ill. Jan. 22)) that employing such a phrase in lawyers' arguments is an unexceptionable way of urging that <u>any</u> party that violates an individual's rights should be prepared to be held responsible for the consequences of such violation. There appears to be no reason that the City or a police officer should be exempt from such responsibility or such an argument, and this Court therefore denies that component of Motion 6.

Motion 10 opposes "[a]ny implication or testimony that Chicago Police Department personnel are being paid by the City to appear in court and testify." Hudson's counsel responds that a "common form of cross-examination is to establish that a witness is appearing without having received a subpoena and then to argue that coming to court without a subpoena shows bias" and adds the expectation that "any police department personnel (other than the defendants [will] testify that they are on duty as police

4

officers and receiving their regular compensation from the City of Chicago for all of the time they spend in court."

Those opposing contentions do not meet head on, and it appears to this Court that Hudson's position has little probative force. Hence Motion 10 is granted.

Motion 13 asks this Court to "[b]ar Plaintiff from arguing that the search or searches that occurred at 3259 W. Wrightwood, Apt. 1E on April 3, 2007 and April 4, 2007 was [sic] improper." On that score Hudson's counsel agrees not to inject any issue in that respect into the case. But because of the possibility that defense counsel may "invite argument on this issue," Hudson's counsel suggests that ruling on the motion be deferred until trial. Instead this Court grants the motion, subject to the possibility of having to revisit the issue in the context of the trial.

Motion 14 seeks to "[b]ar Plaintiff from arguing that the Defendants conspired with other officers to conduct an unlawful search at the Plaintiff's residence at 3249 W. Wrightwood, Apt. 1E while she was at the police station with defendants Toczek and Salemme." Hudson's counsel responds in the same manner as just stated regarding Motion 13. This Court's ruling is identical to that stated in the preceding paragraph.

Finally, Motion 15 asks that Hudson be barred "from mentioning that she was unable to return to work as a result of

the emotional distress." Hudson's counsel correctly responds that such evidence is relevant to the issue of damages, and Motion 15 is accordingly denied.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 31, 2011